**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| GARY BALL, et al., | Lead Case No. 1:12-cv-452 |
| | Related Case No. 1:14-cv-662 |
| Plaintiffs, | Bertelsman, J. |
| | Bowman, M.J. |
| v. | |
| ABC PRECISION MASONRY & CONCRETE, INC., et al., | |
| Defendants. | |

**REPORT AND RECOMMENDATION**

Currently pending in these consolidated cases is a motion to dismiss the complaint filed in Case No. 1:14-cv-662. (Doc. 65 in Lead Case 1:12-cv-452). Pursuant to local practice, the motion has been referred to the undersigned magistrate judge for a report and recommendation.

**I. Background**

The background of this case was last related in the Court's order of November 24, 2014 (Doc. 68 in Lead Case 1:12-cv-452) but is repeated herein for the convenience of the Court.

On June 13, 2012, multiple individual Plaintiffs initiated this lawsuit against individual Defendants Angela K. Brown and Troy Brown, and Defendant ABC Precision Masonry & Concrete, Inc. ("ABC"). The Brown Defendants later filed a petition in bankruptcy. Eventually, the original Plaintiffs fully settled their original claims against all original Defendants, but were granted permission by this Court to file a post-settlement amended complaint against new parties, whom Plaintiffs alleged were successors to the

original Defendants. On January 27, 2014, Plaintiffs filed their "Supplemental Complaint," alleging most of the same claims as were brought in the original complaint but naming new Defendants Hodge & Sons Masonry Contractors, LLC and Mark Hodge, Jr. DBA Hodge & Sons Masonry Contractors ("the Hodge Defendants").[1]

When neither of the Hodge Defendants answered, Plaintiffs promptly moved for entry of default, (Doc. 44), which application was granted on February 24, 2014. (Doc. 46). Plaintiffs thereafter moved for a default judgment on their unanswered claims against both Hodge Defendants, seeking judgment "jointly and severally, in the amount of $27,336.44," plus costs and attorney's fees.

Mark Hodge was later granted leave to file a late answer, and the entry of default against him was set aside. In his answer and throughout proceedings before this Court, Mark Hodge has maintained that the Hodge Defendants were not successors in interest to ABC and/or Troy Brown, and that they never acquired any assets of ABC and/or Troy Brown. According to Mark Hodge, the Hodge Defendants are themselves victims of the prior Defendants' malfeasance.

This Court has explained to Mr. Hodge repeatedly that Hodge & Sons cannot appear through him, but only through counsel. As the Court stated in its order of March 24, 2014: "Until such time as that Defendant has secured counsel, or the time for doing so has expired, the entry of default against that [Hodge & Sons] shall stand…. Defendant Hodge & Sons is forewarned that a failure to secure counsel and appear in this Court could result in the entry of a default judgment against it." (Doc. 49). Although

---

[1] At a December 11, 2014 in-chambers conference, Plaintiffs' counsel stated his clients' position that Hodge & Sons owed Troy Brown wages for approximately two weeks' worth of work that he performed at the end of November or beginning of December, 2012. Mr. Hodge asserted that no wages were owed to Brown because he had filed bankruptcy and was not an employee of Hodge & Sons. Irrespective of the validity of the asserted defense, Plaintiffs apparently filed suit based in part upon the assignment of Mr. Brown's claims to them. (*See* Doc. 39, Supplemental Complaint at ¶10 and Doc. 39-1).

the Court denied Plaintiffs' motion for entry of judgment against Hodge & Sons on May 13, 2014, the Court warned Mr. Hodge that unless he retained counsel on behalf of the company, Plaintiffs could renew that motion. (Doc. 52).

Mr. Hodge continues to proceed *pro se*, and no attorney has ever entered an appearance on behalf of Hodge & Sons.[2] However, in an attempt to fight back against what he perceives to be an unjustified lawsuit against him and his company, on August 19, 2014, Mr. Hodge filed his own lawsuit against the law firm representing Plaintiffs in Case No. 1:12-cv-452 (hereinafter "Mangano Law Firm Defendants"). *See Hodge v. Mangano Law Offices, Co., LPAA, et al.*, Civil Case No. 1:14-cv-662. The two cases were identified with a "related case memorandum order" on August 25, 2014, and presiding U.S. District Judge William O. Bertelsman has directed all documents to be filed in Lead Case No. 1:12-cv-452. (Doc. 3 in Case No. 1:12-cv-452).[3]

After the related cases were referred back to the undersigned magistrate judge,[4] the undersigned conducted a scheduling conference in chambers, directing the parties to submit a protective order and to complete the exchange of discovery previously sought by Plaintiffs from Mr. Hodge. On October 10, 2014, the Court advised all parties that it would convene a follow-up conference that would be "set in the next 60 days."

On October 23, 2014, the Mangano Law Firm Defendants filed a motion to dismiss Mr. Hodge's newly filed complaint in Civil Case No. 1:14-cv-662. The same

---

[2]At the conference held in chambers on December 11, 2014, Mr. Hodge represented that he was continuing to seek counsel for Hodge & Sons.

[3]This has not been completely followed, to the extent that additional documents appear to have been filed in both cases following Judge Bertelsman's order.

[4]The original parties in Lead Case No. 1:12-cv-452 had consented to the jurisdiction of the undersigned magistrate judge pursuant to 28 U.S.C. §636(c). However, because a non-appearing party cannot grant such consent, the reference under the consent order was revoked following the filing of the amended complaint naming Hodge & Sons. The two related cases are presently referred to the undersigned pursuant to 28 U.S.C. §636(b)(1).

motion has been filed in Lead Case No. 1:12-cv-452. When Mr. Hodge initially failed to file any timely response, he was directed to do so in a "show cause" order. Defendant thereafter filed a response, to which the Mangano Law Firm Defendants filed a reply. The undersigned conducted an additional pretrial conference in chambers on December 11, 2014.

## II. Analysis

### A. Improper Service of Complaint in 1:14-cv-662

The Mangano Law Firm's motion seeks dismissal in part based on improper service by the U.S. Marshal. As the Mangano Law Firm Defendants acknowledge, Plaintiff Hodge was granted leave to proceed *in forma pauperis* in Case No. 1:14-cv-662, entitling him to free service of his complaint. Ordinarily, the undersigned would direct the Marshal to correct any technical deficiencies in service for a plaintiff proceeding *in forma pauperis*. However, during the pretrial conference held on December 11, 2014, Ryan Hymore agreed to waive service. In light of that waiver (*see also* Doc. 72 in 1:12-cv-452) and the recommended dismissal of Plaintiff's complaint on alternative grounds, dismissal based upon failure of service should be denied.

### B. Subject Matter Jurisdiction

The named Defendants in Case No. 1:14-cv-662 also argue that Plaintiff's complaint should be dismissed based upon a lack of subject matter jurisdiction in this Court. To a limited extent, and as further discussed below, the undersigned agrees. While there is no basis for independent subject matter jurisdiction over a separately filed lawsuit by Mr. Hodge, the undersigned alternatively concludes that limited jurisdiction exists to the extent that Mr. Hodge's pleading should be construed as an amendment to his earlier answer in the original Case No. 1:14-cv-452, to assert a counterclaim for

4

tortious interference, an expansion of an affirmative defense, and/or to assert a violation of Rule 11, Fed. R. Civ. P.

### C. Failure to State a Claim

It is clear to the newly named Defendants in Case No. 14-cv-662 and to this Court that the new complaint/ lawsuit filed by Mr. Hodge is based entirely on Mr. Hodge's belief that the Mangano Law Defendants and their clients allegedly "filed a fraudulent lawsuit" against Mr. Hodge "for a construction project…that had nothing to do with" Mr. Hodge. (Doc. 56).

The newly named Defendants first point out, correctly, that "appropriate remedies may be awarded in the underlying FLSA action under Rule 11 if appropriate." (Doc. 65 at 7, additional citations omitted). The construction of a Rule 11 claim is discussed below.

Aside from allegations more properly construed under Rule 11, the gist of Mr. Hodge's claim for damages against the newly identified Defendants in Case No. 14-cv-662 is that the Mangano Law Defendants allegedly "contact[ed] a business that [his] company had a contract with stating that they were owed money that [Hodge] had not paid them…." (Doc. 65 at 8). Similarly, Mr. Hodge's complaint accuses the Mangano Law Defendants of "slandering [Mr. Hodge and Hodge & Sons] to the point of ruining [his] business relationship with the Prime Contractor looking to do business with [him]." (Doc. 56). Defendants argue that the allegations fail to state a claim for defamation because Plaintiff has recited nothing more than the elements of such a claim, without any factual specificity concerning the claim.

Alternatively, to the extent that Plaintiff intends to assert a tortious interference claim, Mr. Hodge must allege that the Defendants caused a third person not to enter

5

into or continue a business relationship with him. *See, e.g., A& B-Abell Elevator Co. v. Columbus/Cent. Ohio Bldg. & Constr. Trades Council*, 73 Ohio St.3d 1, 14, 651 N.E.2d 1283 (1995). Again, the new Defendants argue that Mr. Hodge's allegations to date are insufficient under *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009), because they contain only "[t]hreadbare recitals of the elements of a cause of action" and are not supported by any factual allegations that amount to more than "mere conclusory statements." Because Mr. Hodge fails to identify what business relationship was allegedly ruined, or what third person refused to continue to do business with Mr. Hodge, the motion to dismiss asserts that Plaintiff has failed to state a claim. However, both at the December 11 pretrial conference, and more formally in his written response to Defendants' motion, Plaintiff more specifically identifies the alleged tortious interference with his business relationship as the withdrawal of a contract with Messer Construction regarding the Kenwood Collection Garage. (Doc. 70 at 2). Plaintiff asserts that he did not originally identify Prime Contractor – Messer Construction as the third party that related to his claim of tortious interference because he believed that Defendants know "who they served with the subpoena" relating to this case. (Doc. 70 at 3).

In their reply memorandum, Defendants admit that they now understand Mr. Hodge's allegations to relate to the issuance of a June 12, 2014 subpoena *duces tecum* to Messer Construction Co. (Doc. 71-2). In a written response to that subpoena, Messer stated that "Hodge & Sons Masonry was being considered for award of the Kenwood Collection Garage Masonry Bid package," but that, allegedly based upon a dispute on payment terms, Messer notified Hodge & Sons that Messer would not be contracting with them. (Doc. 71-3). In contrast to Messer's written response to the subpoena, Mr. Hodge alleges (and reiterated at the December 11, 2014 pretrial

6

conference) that Messer withdrew its agreement to the contract with Hodge & Sons based on the receipt of the subpoena and notice of the pending litigation filed in this Court against Hodge & Sons in Case No. 1:12-cv-452.

Construing the pro se Mr. Hodge's allegations liberally, the undersigned concludes that he has adequately stated a state law claim for tortious interference as a counterclaim in Case No. 1:12-cv-452 against the original Plaintiffs to that action, Gary Ball, et. al., but only to the extent that the subpoena was issued on behalf of those Plaintiffs. In addition, to the extent that Mr. Hodge is alleging that any FLSA claim in the underlying case has already been paid and satisfied by another entity that contracted with ABC Precision Masonry, Plaintiff's new "complaint" will be construed as asserting an additional affirmative defense to the complaint in 1:12-cv-452. Mr. Hodge's answer to the complaint in 1:12-cv-452 previously asserted a similar "settlement and release" defense to any wage claims by the identified Plaintiffs relating to the Mt. Orab project. (*See* Doc. 54). Although Mr. Hodge's original answer included as an exhibit documents that pertain to a settlement between the original Plaintiffs and an entity identified as "DER" or "DER Development Company, LLC" - an entity that is *not* a named Defendant in 1:12-cv-452 - the undersigned finds it reasonable to construe the new Complaint filed in 1:14-cv-662 as an expansion of that defense.

Last, the Mangano Law Defendants point out that all of Mr. Hodge's claims against them arise out of statements that the Mangano Law Firm made in connection with their pursuit of the underlying FLSA claims against Mr. Hodge and his company on behalf of their clients. Ohio law provides lawyers with an absolute privilege under the circumstances. *See, e.g., Fryer v. Middleton*, 2012 WL 1831869, 2012 U.S. Dist. LEXIS 69939 at *11-12 (S.D. Ohio May 18, 2012); *Michaels v. Berliner*, 119 Ohio App.3d 82,

7

694 N.E.2d 519, 522 (Ohio Ct. App. 1997)(internal quotations and additional citations omitted). With the exception of any sanctionable conduct governed by Rule 11, the undersigned agrees that no claim has been stated against the Mangano Law Firm.

### D. Federal Rule of Civil Procedure Rule 11

As the Mangano Law Defendants freely admit, the more appropriate remedy for the wrong that Mr. Hodges alleges against them may lie under Rule 11, Fed. R. Civ. P. (See Doc. 65 at 7, "remedies may be awarded in the underlying FLSA action under Rule 11 if appropriate," internal citations omitted). If a violation of Rule 11 is found, a court "may impose an appropriate sanction on any attorney, law firm, or party that…is responsible for the violation." Rule 11(c)(1). Moreover, "[a]bsent exceptional circumstances, a law firm must be held jointly responsible for a violation committed by its partner, associate, or employee."

While Rule 11 is more typically invoked by a party through a motion that is filed after the expiration of at least 21 days from the date of service of the tendered motion, sanctions under Rule 11 may also be imposed on the Court's own initiative. *See* Rule 11(c)(3). On the unique facts presented in this case, including but not limited to Mr. Hodge's *pro se* status and representations made in the pretrial conferences, the undersigned finds it reasonable to require the Mangano Law Firm to show cause why they should not face potential sanctions under Rule 11. *See generally*, Rule 11(d), stating that a court "may order an attorney, law firm, or party to show cause why conduct specifically described in the order has not violated Rule 11(b)."

On the one hand, the undersigned recognizes that this Court expressly permitted Plaintiffs in Civil Action No. 1:12-cv-452 to continue their lawsuit by filing a new complaint against Mr. Hodge and his company even after all claims and all other

8

defendants had been dismissed through settlement of Plaintiff's original claims in this case. On the other hand, the Court permitted that relatively unusual procedural action based in part on representations that Mr. Hodge and his company had "employed" the original individual Plaintiffs "as construction workers on the Mt. Orab Project." (Doc. 39 at ¶14). While the undersigned recognizes that Plaintiffs alleged that such employment was "as a joint employer *or successor*, or both," (*id.*, emphasis added), the undersigned has concerns about whether that claim was "warranted by existing law" and/or whether the underlying factual contention had "evidentiary support," in light of subsequent statements and representations to this Court.

Despite some concerns about the factual and legal underpinnings of Plaintiffs' ongoing suit against Mr. Hodge and his now-defunct company, Rule 11 "does not apply to disclosures and discovery requests ….under Rule 26 through 37." Rule 11(d), Fed. R. Civ. P. Thus, while the Court appreciates Mr. Hodge's belief that his business was negatively impacted, the issuance of the subpoena to nonparty Messer Construction in the underlying lawsuit would not itself provide a basis for Rule 11 sanctions.

Based upon the above analysis, the undersigned will enter a separate "show cause" order to Plaintiffs' counsel.

**III. Conclusion and Recommendation**

Accordingly, **IT IS RECOMMENDED THAT:**

1. The motion to dismiss the complaint filed in Case No. 1:14-cv-662 (Doc. 65 in Lead Case No. 1:12-cv-452 be GRANTED as the "complaint" in that case fails to state any claim against the identified Defendants;

2. All claims having been recommended for dismissal in Case No. 1:14-cv-662, that case should be closed, with no further entries to be docketed therein;

3. Notwithstanding the failure to state any separate and independent claim against the identified Mangano Law Firm Defendants, the "complaint" (Doc. 56) shall be re-filed pursuant to this Report and Recommendation as a construed Amended Answer and Counterclaim in Lead Case No. 1:12-cv-452, consistent with the construction of that document herein, as asserting a claim of tortious interference against the existing Plaintiffs, and as amending and expanding the previously stated affirmative defense of payment and satisfaction.

4. To ensure delivery to *pro se* Mr. Hodge, the Clerk shall serve a copy of this Report and Recommendation both by certified and by regular mail.

       *s/ Stephanie K. Bowman*
       Stephanie K. Bowman
       United States Magistrate Judge

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

| | |
|---|---|
| GARY BALL, et al., | Lead Case No. 1:12-cv-452 |
| | Related Case No. 1:14-cv-662 |
| Plaintiffs, | |
| | Bertelsman, J. |
| | Bowman, M.J. |
| v. | |
| ABC PRECISION MASONRY & CONCRETE, INC., et al., | |
| Defendants. | |

### NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

                  *s/Stephanie K. Bowman*
                  Stephanie K. Bowman
                  United States Magistrate Judge